IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GRASSO FOODS, INC., <br><br>    Plaintiff, <br><br>v. <br><br>WYNN ENVIRONMENTAL SALES CO., <br><br>    Defendant. | Civil No. 17-6430 (RMB/AMD) <br><br>**OPINION** |

APPEARANCES:

SHERMAN, SILVERSTEIN, KOHL, ROSE & PODOLSKY, P.A.
By: Jeffrey P. Resnick, Esq.
308 Harper Drive, Suite 200
Moorestown, New Jersey 08057
    *Attorneys for Plaintiff*

MORRIS WILSON, P.C.
By: Seth D. Wilson, Esq.
527 Plymouth Road, Suite 416
Plymouth Meeting, Pennsylvania 19462
    *Attorneys for Defendant*

**BUMB**, UNITED STATES DISTRICT JUDGE:

    Plaintiff, Grasso Foods, Inc. ("Grasso") brings this suit alleging that it purchased a defective commercial mist collection system from Defendant Wynn Environmental Sales Company ("Wynn Environmental"). The Amended Complaint asserts claims for: (1) breach of contract, (2) breach of warranty, (3) unjust enrichment, (4) breach of the covenant of good faith and

1

fair dealing, and (5) fraud in the inducement of the contract.[1] Wynn Environmental brings the instant Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of only the breach of express warranty, unjust enrichment, and fraud in the inducement claims. For the reasons stated herein, the motion will be denied.

I.  **FACTUAL BACKGROUND**

The Amended Complaint alleges the following facts. On October 14, 2014, Grasso's "representative," John Maul, emailed Wynn Environmental inquiring about purchasing "a collection system designed to catch and eliminate a juice mist." (Amend. Compl. ¶ 11)[2] Just over a week later, on October 22, 2014, "Dick Wynn of Wynn Environmental," (Id. ¶ 12)[3] came to "inspect" Grasso's plant in Swedesboro, New Jersey. (Id. ¶ 17)

---

[1] The Court exercises diversity of citizenship subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The parties are alleged to be citizens of different states and the amount in controversy is alleged to exceed the statutory minimum.

[2] Grasso "slices and individually freezes sweet bell peppers for the food industry." (Amend. Compl. ¶ 7) Presumably, the "juice mist" is a product of the pepper slicing process.

[3] The Amended Complaint does not provide formal titles for either Mr. Maul or Mr. Wynn. Nor does the Amended Complaint explain what either person's duties were during the relevant time period. The Amended Complaint suffers from other deficiencies as discussed infra.

The following day, October 23rd, Wynn emailed Maul, allegedly stating "in part," "I have done some homework and find that the conductivity of your sorter water should be more than adequate to be collected with our Smog Hog Industrial, electrostatic precipitators." (Amend. Compl. ¶ 18) Approximately three months later, on January 26, 2015, Wynn allegedly stated, in an email to Maul, "[w]e have come up with a system that will be environmentally friendly to your operation . . . and rated to collect all of the generated mist; returning the filtered air back into the plant free of mist." (Id. ¶ 19)

On April 14, 2015, Wynn allegedly emailed Maul a "'formal proposal.'" (Amend. Compl. ¶ 21) The Amended Complaint fails to plead any facts whatsoever concerning the contents of the formal proposal, or even what the "proposal" was for.[4] According to Grasso, however, it "agreed in April 2015 to purchase" from Wynn Environmental "a 'turn key' air infiltration system" recommended

---

[4] The Amended Complaint suggests that the parties contemplated that Wynn would not only sell Grasso a collection system, but that Wynn would also "ship" and "install" the system (Amend. Compl. ¶ 23), although Wynn Environmental allegedly "hired" someone else to install the system. (Id. ¶ 37) It is not clear whether or not the "formal proposal" included the sale, shipping, and installation of the collection system.
    The Amended Complaint further alleges, "Defendant also provided a June 17, 2015 Invoice which sets forth the terms of an agreement." (Amend. Compl. ¶ 22) Here, again, the allegations of the Amended Complaint are exceedingly vague. The Amended Complaint does not allege the contents of the invoice, or what the invoice was for.

3

by Wynn Environmental. (Amend. Compl. ¶ 30) The Amended Complaint does not allege the type or model of air infiltration system Grasso ultimately purchased.[5] Nor does the Amended Complaint allege when the system was installed.

The foregoing deficiencies aside, the Amended Complaint next pleads that "[u]pon installation, the system recommended and sold by Wynn Environmental did not work properly." (Amend. Compl. ¶ 31) In this regard, the Amended Complaint alleges the following "problems" with the system: (1) "the noise of the blowers"; (2) "improper draining of the units"; (3) "improper sealing of the units"; and (4) "damaged mesh filters." (Id. ¶¶ 33, 35) Grasso also vaguely alleges that the "air infiltration system never worked as it should have." (Id. ¶ 36)

Sometime in February, 2017, Grasso Foods allegedly "sought to return the system and demanded a return of the monies it paid to Wynn Environmental." (Amend. Compl. ¶ 38) Wynn Environmental allegedly declined to accept the return, proposing instead, "a design change to the system" for a "'fair price.'" (Id. ¶ 41) The Amended Complaint does not allege what the proposed design change was, nor how it might, or might not,

---

[5] The Court assumes that an "air infiltration system" (Amend. Compl. ¶ 30) is the same thing as a "mist collection system." (Id. ¶ 11) The Amended Complaint does not plead whether Grasso purchased a "Smog Hog Industrial electrostatic precipitator," which the Amended Complaint appears to indicate is a mist collection system. (Id. ¶ 18)

4

address Grasso's problems with the system at issue.  Rather, the Amended Complaint merely alleges that "the suggested design change would not affect the performance of the system."  (Id. ¶ 42)

This lawsuit followed.  As set forth above, the Amended Complaint asserts claims for (1) breach of contract, (2) breach of warranty, (3) unjust enrichment, (4) breach of the covenant of good faith and fair dealing, and (5) fraud in the inducement of the contract.  Wynn Environmental moves to dismiss (2), (3) and (5).

**II.  LEGAL STANDARD**

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 663.  "[A]n unadorned, the defendant-unlawfully-harmed me accusation" does not suffice to survive a motion to dismiss.  Id. at 678.  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In reviewing a plaintiff's allegations, a district should conduct a three-part analysis:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Third, when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011) (internal citations, quotations, and modifications omitted) (quoting Iqbal, 556 U.S. at 675, 679).

Rule 12(b)(6) requires the district court to "accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian, 696 F.3d at 358 n. 1. Only the allegations in the complaint and "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case" are taken into consideration. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994) (citing Chester Cty. Intermediate Unit. v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)). A court may

6

also "consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**III. ANALYSIS**

**A. Breach of Express Warranty**

In Count II of the Amended Complaint, entitled "Breach of Warranty," Grasso alleges, "Wynn Environmental expressly or impliedly warranted that its system, which it manufactured, sold, installed and/or supplied was merchantable and was reasonably fit for Grasso Foods' use." (Amend. Compl. ¶ 53) Wynn Environmental moves to dismiss only the express warranty claim (i.e., not the implied warranty claim), asserting that "Grasso . . . fails to identify the terms of any express warranty." (Moving Brief, p. 3) Grasso disagrees, asserting that the Amended Complaint quotes "various statements" which Wynn Environmental allegedly made on its website and in "various emails" to Grasso (see Amend. Compl. ¶¶ 10, 12, 18, 19, 20), and that these factual allegations are sufficient, at the pleadings stage, to put Wynn Environmental on notice of the nature of its

7

breach of express warranty claim. Wynn Environmental makes no argument in reply.[6]

While the Amended Complaint's allegations, as a whole, are vague, and basic contextual information is lacking in places, the Court holds that Grasso has just barely pleaded sufficient facts to put Wynn Environmental on notice as to the nature of the breach of express warranty claim. For example, the Amended Complaint alleges that "Mr. Wynn represented [in an email] that 'We have come up with a system that will be environmentally friendly to your operation... and rated to collect all of the generated mist; returning the filtered air back into the plant free of mist.'" (Amend. Compl. ¶ 19)

Snyder v. Farnam Companies, Inc., 792 F. Supp.2d 712 (D.N.J. 2011), upon which both parties exclusively rely, supports Grasso's position. In that case, Judge Martini denied the defendants' motion to dismiss the plaintiffs' breach of express warranty claim even though the plaintiffs did not plead any written language that explicitly stated it was warranty. Rather, Judge Martini held that "[a]t the motion to dismiss stage, it is enough that Plaintiffs provide more than 'bald assertions,' and identify specific affirmations by Defendant

---

[6] Wynn Environmental has elected not to file a reply brief. Thus, the Court decides the instant motion based upon Wynn Environmental's five-page moving brief and Grasso's eight-page opposition brief.

8

that could be found to constitute an express warranty." Id. at 722. Here too, Grasso has pleaded at least one specific affirmation.

Accordingly, Wynn Environmental's Motion to Dismiss the breach of express warranty claim will be denied.

**B. Fraud in the Inducement**

Wynn Environmental asserts that the fraud in the inducement claim is barred by the economic loss doctrine. Grasso responds that the claim is based on "pre-contractual misrepresentations" which are "extrinsic to the parties' [] agreement" (Opposition Brief, p. 7-8), and therefore the economic loss doctrine does not apply. Wynn Environmental makes no argument in reply.

Grasso's position is supported by caselaw. See Wilhelm Reuss GmbH & Co KG, Lebensmittel Werk v. E. Coast Warehouse & Distribution Corp., 2018 WL 3122332, at *5 (D.N.J. June 26, 2018) ("A well-settled exception to the economic loss doctrine is fraud in the inducement of a contract or an analogous situation based on pre-contractual misrepresentations."); Fischell v. Cordis Corp., 2016 WL 5402207, at *8 (D.N.J. Sept. 26, 2016) ("a well-settled exception to the economic loss doctrine is fraud in the inducement of a contract."); Bracco Diagnostics, Inc. v. Bergen Brunswig Drug Co., 226 F. Supp. 2d 557, 563 (D.N.J. 2002) ("New Jersey federal and state decisions that have permitted a fraud claim to proceed with a breach of

9

contract claim generally appear to have involved a fraud in the inducement of a contract or an analogous situation based on pre-contractual misrepresentations."); see also, G & F Graphic Services, Inc. v. Graphic Innovators, Inc., 18 F. Supp.3d 583, 591 n.8 (D.N.J. 2014) ("The fraud in the inducement exception [to the economic loss doctrine] is recognized in a majority of states.").

Accordingly, Wynn Environmental's Motion to Dismiss the fraud in the inducement claim will be denied.

### C. Unjust Enrichment

Lastly, Wynn Environmental argues that "Grasso's unjust enrichment claim [] fails because Grasso has pled the existence of an enforceable contract." (Moving Brief, p. 3) Grasso responds that the unjust enrichment claim is pled in the alternative to the breach of contract claim, and that it would be "premature" at the stage of the case-- i.e., before an Answer has been filed-- to dismiss the unjust enrichment claim. (Opposition Brief, p. 6) Wynn Environmental makes no argument in reply.

Federal Rule of Civil Procedure 8(d) expressly permits pleading in the alternative; therefore the fact that Grasso has pleaded the existence of a contract is not a basis for dismissing, on a Rule 12(b)(6) motion, an unjust enrichment claim. That Grasso, as a matter of law, will not be permitted

10

to *recover* on both claims simultaneously (as opposed to plead both claims) is an issue that will be addressed, if necessary, at summary judgment, should this suit progress that far.[7]

Accordingly, Wynn Environmental's Motion to Dismiss the unjust enrichment claim will be denied.

**IV. CONCLUSION**

For the foregoing reasons, Wynn Environmental's Motion to Dismiss will be denied. An appropriate Order shall issue on this date.

Dated: July 18, 2018            __s/ Renée Marie Bumb_____
                                                   RENÉE MARIE BUMB
                                                   UNITED STATES DISTRICT JUDGE

---

[7] Grasso candidly states that "[i]n the event defendant agrees that a contract exists, plaintiff's claim for unjust enrichment may be moot." (Opposition Brief, p. 6) If, at summary judgment, there is no dispute that a valid, enforceable contract exists, and there appears to be no good faith basis to further pursue the unjust enrichment claim, the Court expects that Grasso will dismiss the claim.